

# THE ATTORNEY GENERAL
# OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

February 12, 1964

Honorable Frank Hildebrand
Executive Director
Texas Tourist Development Agency
Box TT, Capitol Station
Austin, Texas 78711

Opinion No. C-216

Re: Construction of Section
56 of Article XVI of the
Constitution of Texas and
House Bill 11, Acts of the
58th Legislature, Regular
Session, 1963, Chapter 137,
page 370.

Dear Mr. Hildebrand:

Your request for an opinion on the above subject matter asks the following questions:

"1.  Does Article 16, Section 56 of the Texas Constitution constitute a legal inhibition on the use of advertising funds appropriated to this Agency?

"If the answer to this question is in the affirmative, we respectfully request that you answer the following questions:

"1.  What does the term 'periodicals' in Article 16, Section 56, encompass? Does it, for example, permit the Agency's use of radio, television, outdoor and other media as well as newspapers and magazines?

"2.  What constitutes 'national circulation' within the meaning of Article 16, Section 56? What circulation 'yardstick' should the Agency adopt in buying space and time?"

Section 56 of Article XVI of the Constitution of Texas provides as follows:

"The Legislature of the State of Texas
shall have the power to appropriate money and
establish the procedure necessary to expend
such money for the purpose of developing in-
formation about the historical, natural, agri-
cultural, industrial, educational, marketing,
recreational and living resources of Texas, and
for the purpose of informing persons and corpo-
rations of other states through advertising in
periodicals having national circulation, and
the dissemination of factual information about
the advantages and economic resources offered
by the State of Texas; providing, however, that
neither the name nor the picture of any living
state official shall ever be used in any of said
advertising, and providing that the Legislature
may require that any sum of money appropriated
hereunder shall be matched by an equal sum paid
into the State Treasury from private sources be-
fore any of said money may be expended."

House Bill 11, Acts of the 58th Legislature, Regular Ses-
sion, 1963, Chapter 137, page 370, codified in Vernon's as
Article 6144f, Vernon's Civil Statutes, creates the Texas Tour-
ist Development Agency. Section 2 of House Bill 11 prescribes
the duties of the Texas Tourist Development Agency, as follows:

"The Texas Tourist Development Agency
shall be charged with the responsibility of
administering funds appropriated to it in
accordance with the provisions of this Act
so far as possible to achieve the following:

"(a) Promote and advertise, by means of
radio, television, and newspapers and other means
deemed appropriate, tourism to Texas by non-
Texans, including persons from foreign countries,
and to promote travel by Texans to the State's
scenic, historical, natural, agricultural, educa-
tional, recreational and other attractions.

"(b) Coordinate and stimulate the orderly
but accelerated development of tourist attractions
throughout Texas.

"(c) Conduct in the broadest sense a pub-
lic relations campaign to create a responsible
and accurate national and international image of
Texas.

"(d)  Cooperate fully with the agency in charge of operations of the State's park system in all matters relating to promotion of tourism.

"(e)  Cooperate with the Texas Highway Commission in the administration of the Highway Commission's collateral program of highway map distribution and operation of Travel Information Bureaus and other tourist related functions conducted by the Texas Highway Commission.

"(f)  Encourage Texas communities, organizations, and individuals to cooperate with its program by their activities and use of their own funds and to collaborate with these organizations and other governmental entities in the pursuit of the objectives of this Act."

In Attorney General's Opinion C-25 (1963), it was held:

"It appears from the wording of Section 56 of Article XVI that the Legislature has the power to appropriate money for three purposes: (1) 'for the purpose of developing information about the historical, natural, agricultural, industrial, educational, marketing, recreational and living resources of Texas . . .', and (2) 'for the purpose of informing persons and corporations of other states through advertising in periodicals having national circulation . . .,' and (3) 'the dissemination of factual information about the advantages and economic resources offered by the State of Texas . . .' It is clear that purpose (1) does not pertain to advertising, but applies only to the developing of certain information. Where persons and corporations of other states are to be informed about the advantages and economic resources of Texas through the medium of advertising in periodicals, such periodicals must have a national circulation; however, this limitation is clearly applicable only to this particular medium.

"You are, therefore, advised that the Legislature may authorize the expenditure of money under Section 56 of Article XVI of

> the Texas Constitution for the purpose
> of the dissemination of factual informa-
> tion about the advantages and economic
> resources offered by the State of Texas.
> The only limitation placed upon the Legis-
> lature as to its choice of the method of
> the dissemination of factual information
> about the advantages and economic resources
> offered by the State of Texas is that when
> the advertising medium chosen for the purpose
> of disseminating such information to persons
> and corporations of other states is a periodi-
> cal, it must be one of national circulation."

In view of the foregoing, you are advised that the ex-
penditure of advertising funds appropriated to the Texas Tour-
ist Development Agency must be expended in compliance with
Section 56 of Article XVI of the Constitution of Texas. The
limitation of advertising in periodicals having national circu-
lation applies only to that particular medium and does not ap-
ply to the use of radio, television, outdoor or other media.

The term "national circulation" is not defined by the
provisions of Section 56 of Article XVI of the Constitution
of Texas and there is no particular yardstick that can be ap-
plied precisely. The determination of whether or not a particu-
lar periodical meets this requirement is a question of fact to
be determined by your agency. If the advertising in question is
designed to appeal to the public at large then the periodical
should be circulated generally throughout the United States; how-
ever, if the advertising in question is directed toward a particu-
lar ethnic group or a group having a common economic, social,
recreational or avocational interest, it is our opinion that the
spirit and intent of this constitutional provision would be met
by placing such advertising in a periodical which is circulated
generally among such group throughout the United States.

## SUMMARY

The Texas Tourist Development Agency may ex-
pend monies appropriated for advertising by
the use of radio, television, outdoor and
other media, as well as newspapers and maga-
zines. Whenever a periodical is used for the
purpose of advertising, such periodical must

Hon. Frank Hildebrand, page 5 (C-216)

be one of national circulation.

Yours very truly,

WAGGONER CARR
Attorney General

By John Reeves
John Reeves
Assistant

JR:ms

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
W. O. Shultz
Robert Lewis
J. C. Davis

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone